# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9974 | **DATE** | 9/30/2004 |
| **CASE TITLE** | *04 C 4285* Equitable Life vs. American Natl Bnk (01 C 9974) Emerald Investments vs. Equitable Life (04 C 4285) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Equitable's motion (Doc 13-1) to file its answer and affirmative defenses in the Third Action (Case No. 04 C 4285) as part of the public record is denied without prejudice to representment as discussed within our opinion. Its motion (Doc 103-1) to dismiss the main complaint in the Second Action (Case No. 01 C 9974) for lack of subject matter jurisdiction is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | **Document Number** |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 01 2004 | |
| | Notified counsel by telephone. | date docketed | 27 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to Magistrate Judge Ashman. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | 01 C 9974 |
| AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee f/b/o EMERALD INVESTMENTS LP; and EMERALD INVESTMENTS LP, an Illinois Partnership, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| ------------------------------------------------------------- | ) | |
| EMERALD INVESTMENTS LP, an Illinois Partnership, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | 04 C 4285 |
| THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES; AXA CLIENT SOLUTIONS, LLC; and AXA FINANCIAL, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

DOCKETED OCT 0 1 2004

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on two motions filed by Equitable Life Assurance ("Equitable").[1] The first is a motion to file its answer and affirmative

---

[1] Equitable is the plaintiff in the earlier filed case (Case No. 01 C 9974) and the defendant in the later filed case (Case No. 04 C 4285).

defenses in Case No. 04 C 4285 ("the Third Action") publicly, i.e., for a declaration that filing the answer not under seal does not violate the protective order entered in Case No. 00 C 6786 ("the First Action") and Case No. 01 C 9974 ("the Second Action"). The second is a motion to dismiss the main complaint in the Second Action pursuant to Fed. R. Civ. Proc. 12(b)(1) for lack of subject matter jurisdiction. For the reasons set forth below, the motion to file the answer publicly is denied without prejudice and the motion to dismiss is granted.

## BACKGROUND

This case first surfaced as an action in diversity for breach of contract brought by Emerald and others against Equitable in the First Action. Shortly before discovery was set to close, Equitable requested leave to file new affirmative defenses and a counterclaim for fraudulent inducement, unilateral mistake, and breach of contract. When leave was denied, Equitable filed the Second Action, also on the grounds that the parties were diverse. Emerald responded with an answer and a six-count counterclaim. Two of the six counts alleged violation of federal securities laws, both of which survived a motion to dismiss by Equitable.

Discovery went forward and ultimately culminated in a motion for summary judgment by Emerald in the Second Action. The motion sought a judgment against

Equitable on the merits of the main complaint in that case. The motion was granted and final judgment entered. Emerald immediately appealed.

During the pendency of the appeal, this court discovered that the entry of final judgment in the Second Action was erroneous as the allegations of the counterclaim had never been adjudicated. As a result, the order of final judgment was vacated, and partial summary judgment was entered solely on the claims of the complaint. Around the same time, it came to light that the parties were not in fact completely diverse, and thus there was no federal jurisdictional basis for the claims of the First Action. Equitable promptly moved to dismiss the complaint in that case pursuant to Fed. R. Civ. Proc. 12(b)(1), which Emerald vehemently opposed. Nevertheless, to cover all its bases, Emerald simultaneously rid itself of the nondiverse party and filed the Third Action to ensure that its claims would persist if the motion to dismiss was granted, as it ultimately was.

Thus, at the time the instant motions were filed, the First Action was no more. The complaint in the Second Action had been dismissed on its merits with no action on the counterclaim. Finally, the complaint in the Third Action had been filed, but as yet Equitable had not filed an answer or responsive pleading for fear of violating the protective orders that had been entered in the First and Second Actions.

Because diversity was achieved between the parties only after the Second Action was filed, Equitable now attests its own complaint in that case must be dismissed for lack of subject matter jurisdiction. If this motion is successful, the dismissal would nullify our prior entry of partial summary judgment and clear the way for Equitable to file its proposed answer in the Third Action, which contains an affirmative defense based on the same fraudulent inducement theory that we found meritless in considering the earlier summary judgment motion.

## DISCUSSION

### A. Motion to File Answer and Affirmative Defenses as Part of Public Record

The protective order entered in the First and Second Actions was primarily premised on the need to protect proprietary trading strategies and methods used by Emerald in its investment activities. As these two cases developed, it appeared that the parties were filing documents under seal that did not fall within the ambit of the protective order. Consequently, we instructed them at the time of the dismissal of the First Action to examine the respective case files with an eye toward removing truly sensitive documents, after which we would unseal the remainder. Subsequent events have not fully dissolved the provisions of the earlier entered orders. Concerned about potential violation of terms that are still in effect, Equitable has specifically requested permission to file its answer in the Third Action as a public document.

In the meantime, an additional wrinkle has arisen. In the newly filed Third Action, of which the proposed answer would be a part if its filing is approved, Emerald has moved for entry of a new protective order. Because Magistrate Judge Ashman ably shepherded the process of entering the previous order in the First and Second Actions, we referred the matter of the new order to him for resolution. As of the date of this opinion, no definitive conclusion has been reached. Clearly, what portions of the answer can be properly included in the public record may very well be affected by the delineated boundaries of the new order. Consequently, the more prudent course of action calls for Equitable's answer to be presently filed under seal and the subject revisited, if appropriate, upon entry of the new protective order. To that end, we deny Equitable's motion, but without prejudice to its renewed presentation at a more suitable later time.

## B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

As noted earlier, Equitable's second motion seeks to dismiss its complaint in the Second Action on the grounds that the allegations of diversity jurisdiction contained within it were faulty and therefore we were and are without jurisdiction to consider the claims it advances. Emerald, seeking to preserve the time spent and effort expended by both parties and the court particularly with respect to the motion for summary judgment, counters that diversity is not the only source of federal jurisdiction over the

complaint. In support of this contention, it points to the presence of the two federal securities actions within its counterclaim in the Second Action. According to Emerald, case law within the Seventh Circuit and the Northern District of Illinois indicate that this is a viable exception to the well-pleaded complaint rule first enumerated in Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 154, 29 S. Ct. 42, 44 (1908). See Olympia Hotels Corp. v. Johnson Wax Development Corp., 908 F.2d 1363, 1365 (7th Cir. 1990); Crest Auto Supplies, Inc. v. Ero Manufacturing Co., 246 F. Supp. 224, 239 (N.D. Ill. 1965).[2] In both Olympia and Crest, the respective courts concluded that the presence of a counterclaim arising under federal law allowed an exercise of ancillary (now called supplemental) jurisdiction over a main complaint based solely in state law causes of action.

For its part, Equitable points to a recent Supreme Court case discussing the impact of a situation similar to that in the Second Action on the jurisdiction of the Federal Circuit Court of Appeals. Holmes Group, Inc. v. Vornado Air Circulation

---

[2] Emerald also draws our attention to a case involving a discussion of the propriety of an exercise of supplemental jurisdiction founded in the federal nature of a third-party claim. Adkins v. Illinois Central Railroad Co., 326 F.3d 828 (7th Cir. 2003). However, the Adkins court specifically noted that the Supreme Court's decision in Holmes foreclosed an exercise of supplemental jurisdiction in a case such as that before us. See id. at 836.

Systems, Inc., 535 U.S. 826, 828-29, 122 S. Ct. 1889, 1892 (2002).[3] In Holmes, the plaintiff filed a complaint for declaratory judgment and injunctive relief in federal district court. See id. The defendant, in answering, asserted a counterclaim for patent infringement. See id. After the plaintiff was granted the relief it sought, the defendant appealed to the Federal Circuit, relying upon the presence of the patent infringement counterclaim to support jurisdiction of that court under 28 U.S.C. § 1338. See id. Despite the plaintiff's objection to the jurisdiction of the Federal Circuit, that court vacated the district court's judgment and remanded the case for further proceedings. That result prompted the plaintiff to appeal to the Supreme Court.

After an extensive examination of the nature of "arising under" jurisdiction, common to both 28 U.S.C. § 1338 and 28 U.S.C. § 1331, the Court determined that the Federal Circuit does not have appellate jurisdiction over a case unless the complaint itself contains a claim that arises under the patent laws. See id. at 831, 122 S. Ct. at 1894. This decision rested heavily on the Court's construction of the well-pleaded

---

[3] Of course, there are no patent claims within any of the three actions filed by these parties, nor is appellate jurisdiction yet an issue. However, as the Supreme Court recognized, the operative statutory language conferring federal question jurisdiction on the United States District Courts is identical to that vesting appellate jurisdiction over patent law claims in the Federal Circuit Court of Appeals. See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 829-30, 122 S. Ct. 1889, 1893 (2002). The tests and standards for applying the two are likewise identical. See id. As a result, Holmes is highly instructive, if not controlling, in the present circumstance.

complaint rule, which applies directly to the case at hand. In its discussion, the Court considered the impact that a so-called "well-pleaded counterclaim" rule would have on the scope of potentially removable cases. In its opposition, Emerald seizes upon this language to argue that Holmes does not control our decision because the Second Action was not removed from state court. Because Equitable initiated its case in this court in the first instance, says Emerald, there is no danger that Equitable has been dragged into federal court against its will. While the removal-related portions of the discussion in Holmes do not apply here, we do not agree with Emerald's proposition that the case only applies when a case is before a federal court subsequent to removal. It is clear from the discussion that it is based upon the strictures of the well-pleaded complaint rule, which applies to both the original and the removal jurisdiction of the federal district courts. See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 n.9, 103 S. Ct. 2841, 2847 (1983).

Emerald is correct that the language of Olympia and Crest supply direct support for its argument that an exercise of supplemental jurisdiction is possible over Equitable's complaint in the Second Action. However, both of those cases predated the Holmes decision. Though they were not mentioned or discussed within the Court's opinion, their rationales and potential effect crumble in the face of the contrary reasoning set out in Holmes. Consequently, we must conclude that there is no subject

matter jurisdiction with respect to the claims of Equitable's complaint in the Second Action, and it is accordingly dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1). That being said, the case law is clear that we can and should retain jurisdiction over Emerald's counterclaim in the Second Action, and this decision does not affect its continued existence within that case. See, e.g., FDIC v. Elefant, 790 F.2d 661, 667 (7th Cir. 1986); see also Holmes, 535 U.S. at 834 n.4, 122 S. Ct. at 1895; Rengo Co. Ltd v. Molins Machine Co., Inc., 657 F.2d 535, 539 (3d Cir. 1981); National Research Bureau, Inc. v. Bartholomew, 482 F.2d 386, 388–89 (3d Cir. 1973).

## CONCLUSION

Based on the foregoing analysis, Equitable's motion to file its answer and affirmative defenses in the Third Action (Case No. 04 C 4285) as part of the public record is denied without prejudice to representment as discussed within our opinion. Its motion to dismiss the Second Action (Case No. 01 C 9974) for lack of subject matter jurisdiction is granted.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: SEP 3 0 2004

-9-