UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMERALD INVESTMENTS LP, an Illinois partnership, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 04 C 4285 |
| THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES; AXA CLIENT SOLUTIONS, LLC; and AXA FINANCIAL, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on two motions by Defendant Equitable Life Assurance Society ("Equitable"). The first asks us to relieve it from the effect of our order of March 5, 2004, which concluded that Equitable could not assert a defense of fraud in the inducement. The second requests that we alter or amend our December 19, 2005, judgment granting the motion for summary judgment of Plaintiff Emerald Investments LP ("Emerald").

Although Equitable does not specifically frame its first motion as being brought pursuant to Fed. R. Civ. P. 60(b)(2), the timing of the motion and the support it offers

for the "motion for reconsideration" both indicate that they rely upon that procedural vehicle. We construe it accordingly. According to Equitable, newly discovered evidence in the form of emails and SEC rulings that could not have been discovered at the time of our prior ruling necessitates a different result. Having considered the content of these new submissions, we do not agree that it would have made any difference in the analysis we performed or the outcome we reached, as is necessary to warrant relief under Rule 60(b)(2). See In re Wildman, 859 F.3d 553, 558 (7th Cir. 1988). Thus, there is no reason under Rule 60 to reexamine our prior decision on Equitable's defense of fraud in the inducement. The motion that we do so is accordingly denied.

With respect to the second motion, Equitable again does not identify the procedural ruly upon which it relies to advance the motion, but because it was filed within 10 days after our judgment was entered, we construe it using the principles applicable to Rule 59(e). Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Motions under Rule 59(e) are designed "to correct manifest errors of law or fact or to present newly discovered evidence." Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc., 762 F.2d 557, 561 (7th Cir. 1985). A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. LB Credit Corp. v. Resolution Trust

Corp., 49 F.3d 1263, 1267 (7th Cir. 1995) (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

Equitable first insists that relief is warranted because we misunderstood its prior argument regarding the contents of the prospectus. They urge that we fundamentally understood their argument to be that the prospectus was a modification of the contract, when in fact they took the position that it merely explained statements made in the GAC. This exercise in semantics is singularly unpersuasive. Moreover, we did not misunderstand Equitable's prior argument; we disagreed with the position that they took for the same reason that we do now. Essentially, Equitable wishes us to subscribe to the notion that one party to a contractual arrangement can unilaterally "explain" conditions into an agreement after the fact such that the other party ceases to be able to exercise core rights for which they bargained. If this practice were allowable, it would eradicate the predictability that contracts are intended to provide in the first instance. What Equitable requests is that we allow them to modify the contract through means other than that allowed by the contract, and that we cannot do.

Equitable next contends that we made a manifest error of law by not following the case of First Lincoln Holdings, Inc. v. The Equitable Life Assurance Society of the

United States, 164 F. Supp. 2d 383 (S.D.N.Y. 2001), aff'd 43 Fed. Appx. 462, 462 (2d Cir. 2002). We disagree with their argument for a number of reasons. Equitable assumes that we did not consider this case because we did not discuss it in our prior ruling. Their conclusion is incorrect; we examined First Lincoln but did not discuss it for the same reasons that it does not warrant reconsideration of our prior ruling now. Though we have the utmost respect for our New York colleagues, we are not bound by their rulings.

Furthermore, even if First Lincoln were from a controlling jurisdiction, it would not change the outcome we reached in our prior decision for a very fundamental reason. Equitable claims that the court in First Lincoln was construing the same contract involved in this case, but a careful reading of the case reveals that position is in error. Though the court certainly focused on the meaning of §§ 4.01 and 4.02 of the Group Annuity Contract ("GAC"), the opinion makes clear that the court assumed, without explicitly considering, that the prospectuses were part of the overall contract between the parties. We cannot discern precisely why the court reached this conclusion. As the motion upon which the dismissal was made was brought pursuant to Fed. R. Civ. P. 12(b)(6), we would surmise that First Lincoln alleged in the complaint that the contract included the prospectuses, but the complaint contains no such allegation. Compl., 01 CV 4455, S.D.N.Y., Doc. 1. In any event, there can be no doubt from the court's

opinion that it treated the prospectus as part and parcel of the parties' agreement, and both its conclusion and the Second Circuit's subsequent affirmance flowed from that premise.

In this case, as is apparent from the discussion in our prior opinion, we did not employ the same assumption made by the First Lincoln court regarding the documents memorializing the parties' agreement. Our opinion states the reasons why we reached this conclusion, so we need not repeat them here.

We fully understand that Equitable apparently never expected that Emerald would actually exercise the trading flexibility allowed under the parties' agreement, and that Emerald's practices were anathema to the risk-averse character of the funds involved. There can be no doubt that this deal was a bad one for Equitable. But it was a deal nonetheless, and the law requires that Equitable honor its terms. Consequently, the motion to alter or amend our decision on the cross-motions for summary judgment is denied.

Equitable requests that we certify the issue of liability under the contract for immediate appeal pursuant to 28 U.S.C. § 1292(b). As they are almost certain to eventually request appellate review of more than just that question, the policy against piecemeal appellate adjudication outweighs Equitable's disagreement with our decision

on this issue. Should they ultimately pursue review of what has taken or will take place in this court, they may do so at one time after the case reaches final judgment.

**CONCLUSION**

Based on the foregoing, Equitable's motions for relief under Fed. R. Civ. P. 59(e) and 60(b) are denied. In addition, we decline to certify any issues for interlocutory appeal under 28 U.S.C. § 1292.

Charles P. Kocoras
Chief Judge
United States District Court

Dated:  March 24, 2006